**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

                                                               **ORDER**

CURTIS SCOTT,                                            09 Cr 983

                    Defendant.
-----------------------------------------------------------X

On June 23, 2022, probation filed a violation specification alleging that on or about June 18, 2022, in Bronx County, New York, the supervisee, Curtis Scott, committed a state crime, namely, manslaughter in the first degree, in violation of New York State Penal Law § 125.20. The alleged state crime was never presented to a state grand jury.

This Court held an evidentiary hearing on the alleged violation specification on October 31, 2023. At the hearing the Government called one witness, Police Officer James Talbert, and entered several exhibits into evidence including, for example, approximately 32 video clips and 6 still photos. The evidence introduced included video/surveillance footage of a shooting. There was no audio accompanying any of the video/surveillance footage.

Post hearing briefs were submitted by the Government and the Defense, dated November 14, 2023 and November 30, 2023, respectively.

In summary and based upon the evidence submitted, the Court finds that the Government has not proven the above violation specification by a preponderance of the evidence. Therefore, the violation specification is dismissed. Mr. Scott should be released from Federal custody forthwith.

The parties agree that first degree manslaughter under New York law requires the Government to prove that the Defendant caused the death of another person, and that the

Defendant acted with the specific intent to cause serious physical injury to another person. The Government contends that these elements are met by a preponderance of the evidence (which is the standard of proof in a supervised release hearing). See, e.g., United States v. Carthen, 681 F.3d 94, 99-100 (2d Cir. 2012) ("[A]t a VOSR hearing, the alleged violation of supervised-release need only be proven by a preponderance of the evidence, not beyond a reasonable doubt.")

The evidence at the hearing, including the video/surveillance footage, depicts unidentified individuals pursuing and shooting at Derek Davis and apparently causing his death. None of the assailants was Mr. Scott, although the videos depict that Mr. Scott and the unidentified individuals appeared to converse at various times. Without proof of the nature of the relationship between and among the Defendant and the unidentified individuals in the videos and the lack of proof of the content of any conversations between and among them, the evidence presented at the hearing is insufficient for this Court to conclude that the Defendant caused the death of Derek Davis or had the specific intent to cause serious physical injury to Derek Davis.

The Court will hold a regular supervised release hearing with Mr. Scott on January 10, 2024 at 9:00 am in Courtroom 17 B, 500 Pearl Street, New York, New York. All parties are directed to appear. Probation shall file a written report to the Court by January 5, 2024 regarding Mr. Scott's compliance with the terms of his supervised release.

Dated: New York, New York
December 20, 2023

_____
**RICHARD M. BERMAN, U.S.D.J.**